O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2544 AHM (CWx) | | Date | April 6, 2009 |
|---|---|---|---|---|
| Title | WAYNE KRAEMER, v. UNOCAL TERMINATION ALLOWANCE PLAN, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

This matter is before the Court on Plaintiff's request for discovery outside of the administrative record. In addition to their briefs, each side filed responses to questions that the Court issued on February 12, 2009. Based on their submissions, the Court will permit limited discovery outside of the administrative record.

**I.   Background**

Plaintiff seeks review under ERISA of a denial of benefits. Plaintiff was employed by Unocal as a manager. Chevron acquired Unocal in 2005. After the acquisition, Plaintiff alleges, he was offered a new job that constituted a constructive discharge under the terms of Unocal benefits plans. He made a claim for "Change of Control Benefits" under the Unocal Retirement Plan, sponsored now by Chevron. The Change of Control Administrator, Steven Croshal, denied the claim. The denial was upheld by a three-member Appeals Committee. Apparently, this case is one of three cases arising from "Change of Control" claims associated with the Chevron-Unocal merger that Plaintiff's counsel has litigated. Defendants prevailed on summary judgment in two earlier cases, *Stone v. Unocal Termination Allowance Plan*, CV 06-02770 (S.D. Tex., Mar. 14, 2008) and *Robertson v. Chevron Corp.*, CV 07-00042 (W.D. Tex., Apr. 7, 2008). *See* Declaration of Vincent E. Morgan ¶ 4, Exs. H, I (orders granting defendant plans' motions for summary judgment).

**II.   Analysis**

The parties agree that abuse of discretion is the standard of review, but disagree as to whether the plan administrator was operating under a conflict of interest and whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2544 AHM (CWx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | WAYNE KRAEMER, v. UNOCAL TERMINATION ALLOWANCE PLAN, *et al.* | | |

any discovery into conflict of interest is warranted.

In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the Supreme Court suggested that a conflict of interest exists when a plan administrator (which acts as a fiduciary toward the plan participants, who are beneficiaries) is also the sole source of funding for an unfunded plan. Based on *Firestone*, the Ninth Circuit held that where an entity both evaluates claims for benefits and funds those benefits, there is a structural conflict of interest because the administrator both has the responsibility for giving benefits to those who deserve them, and the incentive to pay as little as possible in order to retain the money itself. *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 966 (9th Cir. 2006). To determine the extent and weight of any conflict of interest, the deciding court may consider facts outside of the administrative record, but any decision on the merits must be based only on the record. *See id.* at 970. *See also Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1015, 1028 (9th Cir. 2008) (same). In *Metro. Life. Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008), the Supreme Court affirmed that conflict of interest is one of many case-specific factors that courts consider in reviewing the lawfulness of benefit denials and may weigh more or less heavily depending on the circumstances surrounding the conflict. *Id.* at 2350.

Based on Defendants' own submissions, it is apparent that Chevron funds the plan and that the plan is administered by individuals who are Chevron employees. For example, Steven Croshal has worked for Chevron since 1980, and since 2002 he has been a Global Benefits Advisor with responsibility over benefits programs in a number of the countries in which Chevron operates. Croshal Decl. ¶ 2. One of the Appeals Committee members, William Clutter, is the Manager of Investor Relations for Chevron. Clutter Decl. ¶ 1.

Defendants nonetheless argue that the Court should find that there is no conflict of interest and not allow any discovery. They argue that the plan is fully funded, so every dollar provided in benefits does not mean a dollar taken out of the employer's pocket. They also argue that the administrators do not consider costs in making benefits decisions, that they do not report to anyone with corporate responsibility for constructive discharge claims, that they had independent legal counsel, and that Chevron did not pressure the administrators in any way. In support of these arguments Defendants proffer declarations from Steven Croshal, William Clutter, and Kenneth Hwang, a Senior

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2544 AHM (CWx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | WAYNE KRAEMER, v. UNOCAL TERMINATION ALLOWANCE PLAN, *et al.* | | |

Actuary. Plaintiff, on the other hand, argues that the fact the employer does ultimately both finance the plan and employ the people who administer the plan is sufficient to give rise to a structural conflict of interest and to justify discovery into whether this structure affected the administrator's decisionmaking.

The Court agrees with Plaintiff. Even where the employer incurs no immediate expense as a result of paying benefits, such as when a plan is fully funded or where the benefits are paid out of a trust, a structural conflict of interest still exists, because the employer still has an overall financial incentive to pay out fewer claims. *Burke*, 544 F.3d at 1026. The record in this case already establishes that of the approximately 189 claims received by the claims administrator and the Appeals Committee, 72 were granted and 122 were denied. Croshal Decl. ¶ 5. Plaintiff alleges that this shows that the plan administrators applied the rules of the plan in such a manner as to disproportionally deny the claims of high wage earners. Compl. ¶ 23(A). Defendants contend that this allegation is unfounded, pointing to the declarations they filed as evidence that any potential for bias was mitigated and to the decisions in its favor in *Stone* and *Robertson*.[1] Based on the evidence indicating the existence of a structural conflict, and the parties' competing contentions about whether any actual conflict affected Plaintiff's claim, the Court finds that discovery into conflict of interest is appropriate. Certainly, Plaintiff should have the opportunity to cross-examine Defendants' declarants.

That leaves the question of what discovery precisely is warranted. Defendants believe additional discovery would merely duplicate the discovery in *Stone* and prefer that the parties stipulate to allowing full use of the evidence in *Stone*. Plaintiff agrees to use the discovery in *Stone*, but argues that he still needs to conduct a number of depositions. In that action, Plaintiff's counsel did not depose Steven Croshal, Michael Forde (an Appeals Committee member), and Ken Hwang. He did depose Kathy Vicory (another Appeals Committee member) and William Clutter, but he provides valid reasons for potentially needing to depose them again. The parties have provided sufficient information concerning the *Stone* litigation for the Court to conclude that the depositions Plaintiff requests permission to conduct would not be duplicative. The Court thus will

---

[1] Those decisions were guided by Fifth Circuit law (not by Ninth Circuit law, such as *Abatie, supra*) and were issued before the Supreme Court's decision in *Metro. Life. Ins. Co.*, *supra*.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2544 AHM (CWx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | WAYNE KRAEMER, v. UNOCAL TERMINATION ALLOWANCE PLAN, *et al.* | | |

allow depositions of these five individuals on issues related to conflict of interest.

## III.   Order

The Court ORDERS the parties to meet and confer concerning the depositions that the Court has authorized and to establish a briefing schedule.  By not later than April 20, 2009, the parties shall file a stipulation and proposed order setting forth their agreement to use the *Stone* discovery, describing their discovery plan, and proposing a discovery cut-off date and a briefing schedule.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |